

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

February 7, 1939

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 280

Re: Delinquent Tax Contracts

This office is in receipt of your letter of February 3, 1939, wherein you ask two questions as follows:

"Where a contractor has communicated with persons owing delinquent taxes as provided for in Sec. 3, page 3, of our form contract, and his contract expires without suit being filed or taxes paid, but that his contract is renewed, if not immediately shortly thereafter, would he be entitled to commission out of such taxes paid after the renewal without again sending notice or communicating with the tax payer prior to the date of payment?

"If your answer to the above should be in the negative, we ask the further question: Could the two contracts be tied together as regards tax notices and communications by a clarified statement in the renewal contract that would justify the allowance of commission out of such taxes paid during the period of the renewal contract without re-issuing the tax notice or further communicating with the tax payer?

Articles 7335 and 7335a, R. C. S., constitute the authority for contracts made by counties with attorneys to collect delinquent taxes, after refusal by the County and District Attorney. Nothing in those articles require inclusion in the contract of provisions for the contracting attorney to give thirty days notice to the tax delinquent.

Art. 7324, as amended in 1931, Civil Statutes, provides that the "collector of taxes" shall mail such notices and "shall furnish to the County or District Attorney duplicates." Furthermore, that same statute provides that "failure to send or receive such notice shall be no defense to a suit brought for taxes."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hence, any duty on the part of the contracting attorney to give the notices arises only out of his agreement, and it is competent for the contract to provide for his receiving a commission on payments made subsequent to the date of his contract, although the only notices mailed out by him were under an old contract.

Where the contractor expects to receive commissions earned in the manner mentioned above, the contract ought to contain a provision to that effect.

This answers your second question, and if the above procedure is followed the first question will not arise.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/     Glenn R. Lewis
                Assistant

CRL:n:bbh

APPROVED
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS